[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15322

_____

D.C. Docket No. 6:14-cv-00053-JRH-GRS

R. ALEXANDER ACOSTA,
Secretary of Labor, Department of Labor,

Plaintiff-Appellee,

versus

BLAND FARMS PRODUCTION & PACKING, LLC,
DELBERT BLAND,
an individual,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(April 5, 2019)

Before WILSON, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Bland Farms Production & Packing, LLC runs a packing shed that processes

and packages Vidalia onions grown both by Bland Farms as well as other farmers

in the area.  Shortly after he began growing onions in the 1980s, Delbert Bland was questioned by the Department of Labor about whether he was paying his packing shed employees properly.  In response, Bland wrote to the Department, requesting guidance on when he should be paying overtime wages to his packing shed employees.  The Department replied that a farmer is not responsible under the agricultural exemption from overtime if the packing shed employees were processing onions grown by the farmer or onions that the farmer had purchased in the field as long as he had purchased the entire field of onions.

Bland Farms processed onions in its packing sheds during the 2012-2016 seasons that were grown on land owned and leased by other growers.  These contract growers contracted before planting to sell the onions to Bland Farms that they grew.  Specifically, the contract growers prepared the seedbeds, planted, transplanted, fertilized, sprayed herbicides and pesticides, irrigated, and harvested. Bland Farms' expert agronomist provided free advice and counsel to the contract growers throughout the season, visiting their farms and advising on the timing of planting and harvesting, the choice of seed varieties, and the application of chemicals.  The contract growers paid all of the expenses: the seed, fertilizer, herbicide, pesticide, and labor costs.  Bland Farms provided some labor occasionally and often helped haul the onions out of the field; Bland Farms would advance cash to the growers when necessary and occasionally harvested the

onions.  Bland Farms charged the growers for any provided assistance and recouped any cash advances.  Typically, Bland Farms only paid for those onions that were marketable, under the "pack-out rate."  Occasionally, Bland Farms paid a set rate for the onions, regardless of quality, the "across-the-scales" method.  The risk of loss was on the growers through the growing period; they carried their own crop insurance; Bland Farms took no responsibility for the onions until purchased.

The Department of Labor filed this action challenging the overtime-exempt status of Bland Farms' packing shed employees during the Vidalia onion packing season in May 2014.  After a bench trial, the district court released an order finding Bland Farms' packing shed employees did not qualify as exempt employees because Bland Farms was not so intimately involved in its contract growers' operations as to make its employees secondary agriculture employees.  The court awarded overtime wages for the 2012-2016 seasons.  The court also awarded liquidated damages from and after the time the Department filed suit, because it held that although Bland Farms reasonably relied on the Department of Labor's advice from the 1980s about when overtime was due, it could not rely on that advice after the Department filed suit.

The Fair Labor Standards Act provides an exception to the overtime pay requirements for "any employee employed in agriculture."  29 U.S.C. § 213(b)(12).  In another section, the FLSA defines agriculture as:

farming in all its branches and among other things includes the cultivation and tillage of the soil, . . . the production, cultivation, growing, and harvesting of any agricultural or horticultural commodities . . . and any practices . . . performed by a farmer or on a farm as an incident to or in conjunction with such farming operations, including preparation for market . . . .

29 U.S.C. § 203(f). We have stated that "processing on a farm of commodities produced by other farmers is incidental to, or in conjunction with, the farming operation of the other farmers and not incidental to, or in conjunction with, farming operations of the farmers on whose premises the processing is done. Such processing is therefore not within the definition of agriculture." Mitchell v. Huntsville Wholesale Nurseries, Inc., 267 F.2d 286, 290 (5th Cir. 1959).[1]

Bland Farms argues that its direction and supervision of the farming operations of its growers is more extensive than was the direction and supervision by Huntsville of its growers. However, the actual facts of Huntsville, see id. at 288 n.2, are extremely similar to the facts of the instant case with respect to the autonomy of the contract growers in their farming operations. Furthermore, although both Huntsville and Bland Farms provided advice and counsel and sometimes cash advances to their contract growers, "these things are not farming." Id. at 291. Because Huntsville held that the direction and supervision did not

---

[1]    In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

transform the farming operations of the Huntsville growers so as to constitute farming operations of Huntsville—i.e., because the farming operations of the growers in Huntsville remained farming operations of the growers and not farming operations of Huntsville—and because we are not persuaded that the direction and supervision of Bland Farms over its growers is materially distinguishable from that exercised by Huntsville, we conclude, as did the court in Huntsville, that the farming operations of Bland Farms' growers should not be considered to be farming operations of Bland Farms.  See also Sweetlake Land & Oil Co. v. NLRB, 334 F.2d 220, 221, 223 (5th Cir. 1964).  Thus, Bland Farms' packing shed employees were not employed in agriculture when they packed the growers' onions.  Those employees were therefore entitled to overtime pay, and we affirm the district court's award of back wages.

"Any employer who violates [29 U.S.C. § 207] shall be liable to the employee . . . in the amount of . . . [her] unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).  A court may award no liquidated damages "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260.  Whether an employer acted in good faith and had reasonable grounds for believing its act or omission was not a violation of the

5

FLSA has both a subjective and objective component. <u>Dybach v. Fla. Dep't of Corr.</u>, 942 F.2d 1562, 1566 (11th Cir. 1991).  Subjective good faith means the employer had an honest intention to ascertain what the FLSA requires and to act in accordance with it. <u>Id.</u>  Objective good faith means the employer had reasonable grounds for believing its conduct comported with the FLSA. <u>Id.</u>

In the district court, Bland Farms argued that it acted in good faith and with reasonable belief that it was complying with the FLSA for two reasons: first, its reliance on the Department's letter, and second, its reasonable belief, wholly aside from that letter, that it was in compliance with the FLSA because of its extensive control over the farming operations of its growers.  The district court found that Bland Farms initially acted in good faith and with reasonable belief that it complied with the FLSA when it relied upon the Department's letter.  However, the court found that it ceased to have good faith after the Department filed suit.  Thus, the court awarded liquidated damages for the period after the filing.  However, in doing so, the court ignored Bland Farms' second argument: its reasonable belief, aside from the Department's letter, that it was in compliance with the FLSA; that is, its reasonable belief that "Bland Farms was actually the farmer of the onions its employees processed."  Because the district court failed to address this second ground in its calculation of liquidated damages, we vacate and remand the portion of its order regarding liquidated damages so that it may address

6

this argument.  In so doing, we recognize that the district court has broad discretion under the Act to determine liquidated damages.

AFFIRMED in part, VACATED in part and REMANDED.